IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMIKA PRESSLEY, AS NEXT FRIEND OF MAHAMMADO LAMINE GAKOU, | : : : : | No. 3:25cv2160 (Judge Munley) |
| Petitioners | : : | |
| v. | : : | |
| WARDEN OF PIKE COUNTY CORRECTIONAL FACILITY, | : : : : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Tamika Pressley ("Pressley") as a "next friend" for petitioner Mahammado Lamine Gakou ("Gakou"), an immigration detainee confined at the Pike County Correctional Facility. (Doc. 1). Preliminary review of the petition has been undertaken, and, for the reasons set forth below, the court will dismiss the petition without prejudice for lack of jurisdiction.

I.  **Factual Background & Procedural History**

Pressley submitted the habeas petition as Gakou's "next friend" and asserts that she is Gakou's biological sister. (Doc. 1). Pressley alleges that Gakou suffers from mental distress and sleep deprivation. (Id. at 2, 5). The petition is signed by Tamika Pressley. (Id. at 6).

According to the petition, Gakou is in immigration detention at the Pike County Correctional Facility. (Id. at 1-2). Pressley raises the following grounds for relief on behalf of Gakou: (1) Gakou's Fifth Amendment right to due process has been violated; (2) Gakou was subjected to deliberate indifference to his medical needs; (3) Gakou's ongoing detention is arbitrary and unlawful; and (4) Gakou is improperly classified, and he was denied a bond hearing before an immigration judge. (Id. at 2-3).

Pressley requests a temporary stay of Gakou's removal and that he undergo a mental health examination. (Id. at 5).

## II.  Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254, Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254, Rule 1(b).

## III.  Discussion

Pressley seeks to file the petition as a "next friend" on Gakou's behalf. The federal habeas statute requires that a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or

someone acting in his behalf." 28 U.S.C. § 2242; see also Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts (requiring the petition to "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242", and applicable to § 2241 petitions through Rule 1(b)).  In limited circumstances, persons unable to prosecute their own action may have third persons—"next friends"—stand in for them.  Whitmore v. Arkansas, 495 U.S. 149, 161-62 (1990).

To qualify for "next friend" status, the third person must satisfy two requirements: (i) "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," id. at 163 (citations omitted); (ii) "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate,…and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest," id. at 163-64 (citations omitted).  "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court."  Id. at 164 (citations omitted).  Next friend standing "is by no means granted automatically to whomever seeks to pursue an action on behalf of another," id. at 163, and next friend habeas petitions are "rare."  Figueroa v. Rivera, 147 F.3d 77, 82 (1st Cir. 1998).

Pressley states that she is Gakou's biological sister, without any supporting documentation. (Doc. 1, at 5). Even assuming arguendo that Pressley has met the second requirement, she has failed to meet her burden of showing that Gakou cannot appear on his own behalf to prosecute the action. Pressley indicates that Gakou suffers from mental distress and confusion. (Id. at 2). However, she has not provided any evidence that Gakou cannot litigate a federal habeas proceeding on his own behalf. Although Gakou is in immigration detention, the petition does not show that Gakou lacks access to the court or is otherwise incompetent to file a petition on his own.

Finally, Pressley, as a non-attorney (see Doc. 1, at 5), cannot represent Gakou, even if acting as a "next friend." See, e.g., Schlemmer v. Cent. Intel. Agency, 804 F. App'x 127, 128 n.2 (3d Cir. 2020) (affirming the district court's order denying inmate's motion to confer "next friend" standing enabling him to file a federal habeas petition for a fellow inmate; noting, among other things, that "as a layperson, [the movant] cannot represent other parties"). Accordingly, as a layperson, Pressley cannot litigate this case as a "next friend" without retaining an attorney.

## IV. Conclusion

Consistent with the foregoing, the court will dismiss the petition without prejudice for lack of jurisdiction.

4

An appropriate order shall issue.

BY THE COURT:

*[signature]*

JUDGE JULIA K. MUNLEY
United States District Court

Dated:   November 19th, 2025

5